# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,    )
                             )
Plaintiff,                   )
                             )
v.                           )            Case No. 26-CR-66-RAW
                             )
JIN ZHAO CHI,                )
                             )
Defendants,                  )

## DEFENDANT CHI'S
## MOTION FOR BILL OF PARTICULARS AND MEMORANDUM IN SUPPORT

Comes now Defendant Jin Zhao Chi, by and through his undersigned counsel, Marna Franklin, and moves this Court pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure to grant his motion for a bill of particulars for Counts 2 and 3 of the Indictment.   The government has indicated opposition to this motion by and through Assistant United States Attorney T. Cameron McEwen.

The information sought by Mr. Chi's motion is necessary to enable him to prepare an effective defense to the Government's allegations.  Accordingly, this Court should, following applicable precedent, order the Government to provide the requested bill of particulars.

### Count 2

Count 2 alleges that on or about February 25, 2025, and continuing to on or

about March 19, 2025, in the Eastern District of Oklahoma, the defendant Jin Zhao Chi, did fraudulently and knowingly import[ed] and bring into the United States, merchandise contrary to law, to wit: unregistered and misbranded pesticides, and did receive, conceal, buy, sell, and in any manner facilitate the transportation, concealment, and sale of such merchandise after importation, knowing the same to have been imported and brought into the United States contrary to law, in violation of Title 18, U.S.C. §§ 545 and 2.

The Indictment alleges that in approximately a month period of time, Mr. Chi imported pesticide(s) without any particulars as to when and where. The allegation does not provide any specific details on where the pesticides were received, concealed, purchased, sold, or how Mr. Chi allegedly transported, concealed, and sold the merchandise after the alleged importation.

### Count 3

Count 3 alleges that in or about June 2022 and continuing to in or about February 2025, in the Eastern District of Oklahoma, the defendant did knowingly distribute, sell, offer for sale, hold for distribution, hold for sale, hold for shipment, ship, deliver for shipment, release for shipment, and receive and (having so received) deliver and offer to deliver an unregistered pesticide, in violation of Title 7, United States Code, Sections 136j(a)(1)(A) and 136l(b)(1)(B).

The Indictment as to Count 3 sets forth eleven (11) different allegations as how

Mr. Chi may have violated Sections 136j(a)(1)(A) and 136l(b)(1)(B) without any specificity.

The allegations as set forth in Counts 2 and 3 of the Indictment are not specific enough to allow Mr. Chi to prepare a defense. The indictment does not allege any specific acts or allegations concerning Mr. Chi over the period of time in Count 2 (February 25, 2025, through March 19, 2025) and provides the incredible range of June 2002 through February 2025 within Count 3. To date, the defense is unaware of any discovery that has been produced to the defense to support the allegation as set forth in Count 3. Mr. Chi should not have to defend against serious charges based on his surmise and speculation as to what the Government may attempt to prove at trial.

The defendant therefore moves the Court for an order requiring the Government to state the following information in the Bill of Particulars:

1). The exact date, time, and place when Mr. Chi first imported, received, concealed, bought or sold or facilitated the transportation, concealment, and sale of any pesticide (Count 2), as well as when he participated in any act in support or in furtherance of any alleged distribution and sale of an unregistered pesticide (Count 3);

2). The exact dates, times, and places when Mr. Chi engaged in any subsequent act in support of Count three, and the specific acts he allegedly committed in violation of Sections 136j(a)(1)(A) and 136l(b)(1)(B) of Title 7;

3). A precise description of the nature of any acts Mr. Chi allegedly committed that

could be considered in violation of Sections 136j(a)(1)(A) and 136l(b)(1)(B) of Title 7;

4). The precise quantity and type of unregistered pesticide(s), that Mr. Chi ever distributed.

5). The precise amount of funds and type of transfer of proceeds allegedly made to Mr. Chi in exchange for any importation of pesticides (Count 2) and distribution (Count 3) of unregistered pesticides.

## ARGUMENT

A bill of particulars should be ordered where it will avoid or minimize surprise at trial and permit the preparation of an adequate defense. "The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense." *United States v. Levine*, 983 F.2d 165, 166-67 (10th Cir. 1992)(citations and internal quotation marks omitted). A bill of particulars is "appropriate to permit a defendant to identify with sufficient particularity the nature of the charge against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted for the same offense." *United States v. Davidoff*, 845 F.2d 1151, 1151, 1154 (2d. Cir. 1988) (quoting *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987). All of these purposes will be served by a bill of particulars in this case. The Government may not respond that the defendant should know the

particulars demanded, for he is presumed to be innocent; in any event, the request for a bill of particulars is aimed at the facts as alleged by the Government, not as they may have actually occurred. *See, e.g., United States v. Ramirez*, 602 F. Supp. 783 (S.D.N.Y. 1985).

For the foregoing reasons, Mr. Chi asks this Court to grant his motion ordering the Government to provide a bill of particulars as to him with respect to Counts 2 and 3.

Respectfully Submitted

s/*Marna Franklin*_____
Marna Franklin,
Attorney at Law
620 N. Robinson, Suite 203
Oklahoma City, OK 73102
(405) 239-2454 Telephone
(405) 212-5063 Fax
*mfranklin@demandproof.com*

CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2026, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants appearing in this case.

s/*Marna Franklin*_____
Marna Franklin,
Attorney for Mr. Jin Zhao Chi