# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,    )

Plaintiff,    )

    )

v.    )  26-CR-66-RAW

    )

JIN ZHAO CHI,    )

Defendant.    )

# DEFENDANT CHI'S MOTION TO DISMISS BASED ON FAILURE TO PROPERLY STATE OFFENSES AND BRIEF IN SUPPORT

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES...................................................................ii,iii

THE INDICTMENT.........................................................................2

    A.  The Introduction......................................................................2
    B.  Count 1 of the Indictment: Conspiracy.....................................................3
    C.  Count 2 of the Indictment: Smuggling Goods into the United States.....................4
    D.  Count 3: Unlawful Distribution and Sale of Pesticides-Misdemeanor....................5

ARGUMENT AND AUTHORITY............................................................6

    I.       "Contrary to Law" has been Insufficiency Plead Throughout the Indictment...7
    II.      Essential Elements of the Offense Charged Count 1..............................8
    III.    Count 2 Insufficiency...........................................................12
    IV.    Count 2 Aiding and Abetting.....................................................15
    V.     Count 3 Unlawful Distribution and Sale of Pesticides............................16

CERTIFICATE OF SERVICE................................................................20

## TABLE OF AUTHORITIES

### CASES

Page(s)

*Almendarez-Torres v. United States*, 523 U.S. 224, 228, 118 S.Ct.

1219, 140 L.Ed2d 350 (1998)..............................................................6

*Hamling v. United States*, 418 U.S.87, 119, 94 S.Ct. 2887, 41 L.Ed.590

(1974).................................................................................................6

*United States v. Salazar*, 720 F.2d 1482, 1486 (10th Cir.1983), cert. denied,

469 U.S. 1110, 105 S.Ct. 789, 83 L.Ed.2d 783 (1985)....................6

*U.S. v. Kilpatrick*, 821 F.2d 1456 (C.A.10 (Colo.), 1987)...............6,16,17,18

*United States v. Mitchell*, 39 F.3d 465, 470 (4th Cir. 1994)......................8

*United States v. Alghazouli*, 517 F.3d 1179, 1187 (9th Cir. 2008),

cert. denied, 129 S.Ct. 237 (2008)......................................................8

*Ingram v. United States*, 360 U.S. 672, 680, 79 S.Ct. 1314, 1320,

3 L.Ed.2d 1503 (1959).........................................................................9

*United States v. Evans*, 980 F.2d 663, 669 (10th Cir. 1992).....................10

*United States v. Johnson*, 821 F.3d 1194, 1203 (10th Cir. 2016)..............10

*United States v. Edwards*, 69 F.3d 419, 431 (10th Cir. 1995) (quoting

*United States v. Fox*, 902 F.2d 1508, 1514 (10th Cir. 1990))...............10

*United States v. Teh*, 535 F.3d 511, 516 (6th Cir. 2008)...........................12

*Keck v. United States*, 172 U.S. 434, 437-38, 19 S.Ct. 254, 43 L.Ed. 505 (1899)................12

*Olais-Castro*, 416 F.2d at 1158 n. 8.........................................................12

*United States v. Reifler*, 446 F.3d 65, 96 (2nd Cir. 2006)..........................16

*Russell*, 369 U.S. at 763, 82 S.Ct. at 1047...............................................................17

*Dennis v. United States*, 384 U.S. 855, 860, 86 S.Ct. 1840, 1843,

    16 L.Ed.2d 973 (1966)...............................................................17,18

*United States v. Keith*, 605 F.2d 462, 464 (9th Cir.1979)...............................17

## STATUTES AND REGULATIONS

7 U.S.C. §136j........................................................................16

7 U.S.C. § 136j(a)(1)(A).......................................................5,16

7 U.S.C. § 136l(b)(1)(B)...........................................................5

18 U.S.C. § 2...................................................................4,12,15

18 U.S.C. § 371.................................................................3,8,9

18 U.S.C. § 545.......................................3,4,7,8,12,13,14,15

COMES NOW Defendant JIN ZHAO CHI, by and through his undersigned CJA counsel, Marna Franklin, hereby moving this Court to dismiss the Indictment filed May 12, 2026, pursuant to Fed. R. Crim P. 12(b)(3).   The government has indicated opposition to this motion.    In support of this Motion, the Defendant offers and states as follows:

The Indictment

### A. The Introduction

The Indictment filed by the government provides an Introduction, which consists of two paragraphs.   The first paragraph references the defendants Jin Zhao Chi and Dian Lin Jiang residing at a location within the Eastern District of Oklahoma, and that they allegedly worked at a registered medical marijuana growing operation at that same location.   The second paragraph alleges that "federal law" prohibits the distribution and sale of unregistered pesticides. According to the Introduction, only pesticides registered with the U.S.

Environment Protection Agency ("EPA") may be imported or sold in the United States, and pesticides intended for use in the United States must bear their EPA registration number on labels, and label information must appear in the English language.

B. Count 1 of the Indictment: Conspiracy

In Count 1 of the Indictment the government charges that Mr. Chi has violated 18 U.S.C. § 371: Conspiracy to Smuggle Goods into the United States, in violation of 18 U.S.C. § 545.    Count 1 alleges criminal activities that began on or about February 25, 2025, continuing to on or about March 19, 2025.  Mr. Chi is the only named conspirator within the conspiracy charge.   The described Manner and Means of the alleged Conspiracy identifies Mr. Chi and other persons (both known and unknown to the Grand Jury) acquiring quantities of unregistered and misbranded pesticides from their source of supply, and arranged for the import and transport of quantities of unregistered and misbranded pesticides to the Eastern District of Oklahoma and elsewhere.

The Indictment further sets forth in Count 1 four "Overt Acts" allegedly committed in furtherance of the conspiracy.     The first three were allegedly committed by "an unknown co-conspirator."     The unknown co-conspirator (possibly co-conspirators) allegedly *obtained* the pesticides from an unknown location, *shipped* the unregistered and misbranded pesticides, and *misidentified* the shipping documents of the unregistered pesticides.  (Doc. 1, pages 2-3).  The only alleged "Overt Act" allegedly committed by Mr. Chi in furtherance of the conspiracy was that on March 19, 2025, he *received* the DHL package, reference umber 1689470152A, of unregistered and misbranded pesticides at 11985 NS 3580, Seminole, Oklahoma  74868.

## C. Count 2 of the Indictment:  Smuggling Goods into the United States

Within Count 2 of the Indictment, the government has alleged a violation of 18 U.S.C. Sections 545 and 2:   Aiding and Abetting the Smuggling of Goods into the United States.   The Indictment specifically sets forth the allegation  as follows:

4

## COUNT TWO

"Beginning on or about February 25, 2025, and continuing to on or about March 19, 2025, in the Eastern District of Oklahoma, the defendant Jin Zhao Chi, did fraudulently and knowingly import and bring into the United States, merchandise contrary to law, to wit: unregistered and misbranded pesticides, ***and*** did receive, conceal buy, sell, and in any manner facilitate the transportation, concealment, and sale of such merchandise after importation, knowing the same to have been imported and brought into the United States contrary to law, in violation of Title 18, United States Code, Sections 545 and 2. Doc. 1, page 3). (Emphasis added)

### D. Count 3: Unlawful Distribution and Sale of Pesticides-Misdemeanor

In the Indictment, Count 3 alleges the offense of Unlawful Distribution and Sale of Pesticides, a misdemeanor offense found at 7 U.S.C. §§ 136j(a)(1)(A) and 136l(b)(1)(B).    7 U.S.C. § 136j(a)(1)(A) reflects the unlawfulness of a person to distribute or sell to any person any pesticide that is not registered.    7 U.S. C. § 136l(b)(1)(B) is the penalty statute, which provides that any commercial applicator of a restricted use pesticide or any other person who distributes or sells pesticides or devices, shall not be fined not more than $25,000 or imprisoned for not more

than 1 year, or both.

## ARGUMENT AND AUTHORITY

Rule 7(c)(1) which requires that an indictment "shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged." An indictment must set forth each element of the crime that it charges. *Almendarez-Torres v. United States*, 523 U.S. 224, 228, 118 S.Ct. 1219, 140 L.Ed2d 350 (1998). Other constitutional requirements are for the indictment to fairly inform a defendant of the charges against which he must defend, and it must also enable the accused to plead a judgment under the indictment as a bar to any subsequent prosecution for the same offense. *Hamling v. United States*, 418 U.S.87, 119, 94 S.Ct. 2887, 41 L.Ed.590 (1974). See also *United States v. Salazar*, 720 F.2d 1482, 1486 (10th Cir.1983), cert. denied, 469 U.S. 1110, 105 S.Ct. 789, 83 L.Ed.2d 783 (1985). In so analyzing the sufficiency of an indictment, in *U.S. v. Kilpatrick*, 821 F.2d 1456 (C.A.10 (Colo.), 1987), Judge Holloway wrote, "The test is not whether the indictment could have been made more definite and certain. Rather,

6

before a conviction, the indictment standing alone must contain the elements of the offense intended to be charged and must be sufficient to apprise the accused of the nature of the offense so that he may adequately prepare a defense." *Kilpatrick* at 1461.

I. "Contrary to Law" has been Insufficiency Plead Throughout the Indictment

The felony substantive offense within Counts 1 and 2, 18 U.S.C. §545, is a general statute that requires that the importation of merchandise be *contrary to law*. The Introduction of Indictment sets forth in the introduction that "federal law prohibits the distribution and sale of unregistered pesticides." The statute referenced in Count 3 of the Indictment, the misdemeanor offense charged, is a statute regarding such an offense. The Indictment Introduction further references that "only pesticides registered within the EPA may be imported or sold in the United States" and yet the Indictment makes no reference to any said law. While it is true that pesticides must bear EPA registration numbers and labels must appear in the English Language, the EPA regulations are just that, regulations.

The Indictment does not set forth in detail the federal law(s) that criminalizes the importation of pesticides.[1]   While the term "law" includes any violation of statutory law or substantive administrative regulations having the force and effect of law, *United States v. Mitchell*, 39 F.3d 465, 470 (4th Cir. 1994),  if the law violated is a regulation, violation of that regulation must itself be a crime. *See United States v. Alghazouli*, 517 F.3d 1179, 1187 (9th Cir. 2008), cert. denied, 129 S.Ct. 237 (2008).   The Indictment fails to provide what violation of law the 18 U.S.C. §545 is predicated and thus fails to properly state an offense.

II. Essential elements of the offense charged Count 1

The conspiracy statute charged in Count 1, 18 U.S.C. § 371, prohibits two or more persons conspiring either to commit any offense against the United States, or to defraud the United States, or any agency thereof  in any manner or for any purpose.   The alleged offense that is the object of the conspiracy is a violation of 18 U.S.C. § 545:   which is  Smuggling Goods into the United States.     The

---

1 In the 10th Circuit Pattern Instruction 2.30, for Unlawful Importation, element two is actually be underlined [describe law(s) in detail] when given to a jury.

8

essential elements of an 18 U.S.C § 371 conspiracy in the 10th Circuit are:

> *First*:  the defendant agreed with at least one other person to violate the law.
> *Second*:  one of the conspirators engaged in at least one overt act furthering the conspiracy's objective.
> *Third*:  the defendant knew the essential objective of the conspiracy.
> *Fourth*:  the defendant knowingly and voluntarily participated in the conspiracy.
> *Fifth*:  there was interdependence among the members of the conspiracy; that is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged.

While the Indictment may provide notice of overt acts committed by unknown co-conspirators, the Indictment as alleged in Count 1 is insufficient as to Mr. Chi because the sole overt act alleged to have been committed by Mr. Chi (receiving) was committed only *after* the alleged conspiracy to smuggle goods had already been fully committed.

The Supreme Court has warned, "(C)harges of conspiracy are not to be made out by piling inference upon inference." *Ingram v. United States*, 360 U.S. 672, 680, 79 S.Ct. 1314, 1320, 3 L.Ed.2d 1503 (1959). For the first element, the

9

"agreement need not be explicit, but rather may be inferred from the facts and circumstances of the case."    *United States v. Evans*, 980 F.2d 663, 669 (10ᵗʰ Cir. 1992). Mere association, casual transactions, and a solely buyer-seller relationship between the defendant and member of the conspiracy are not sufficient. *Id.*   In the case at bar, there is no stated ongoing association between Mr. Chi and any or all of the "unknown co-conspirator(s)" or that his "receipt" created the necessary interdependence to support the conspiracy charge.   Interdependence is present "if the activities of a defendant charged with conspiracy facilitated the endeavors of other alleged coconspirators or facilitated the venture as a whole."    *United States v. Johnson*, 821 F.3d 1194, 1203 (10ᵗʰ Cir. 2016).   What is required is a shared, single criminal objective, not just similar or parallel objective between similarly situated people.    *Evans*, 970 F.2d at 670 (emphasis in original). "[I]nterdependence exists where 'each co-conspirators['] activities constituted essential and integral steps toward the realization of a common, illicit goal.'" *United States v. Edwards*, 69 F.3d 419, 431 (10ᵗʰ Cir. 1995) (quoting *United States v.*

10

*Fox*, 902 F.2d 1508, 1514 (10ᵗʰ Cir. 1990)).

As the government has alleged in the opening body of Count 1, the "common goal" would be the underlying offense of importation of Smuggling Goods into the United States. The elements of smuggling goods are the following:

> *First*, the defendant imported [describe merchandise] into the United States;
> *Second*, the defendant's importation was contrary to law [describe law(s) in detail]; and
> *Third*, the defendant knew the importation was contrary to law.

Every element of the offense of Smuggling alleged by the government within Count 1 involves importation, and not the mere receipt of merchandise. There is no indication within the Indictment that Mr. Chi did anything more which would reflect that he possessed a "common goal" of smuggling merchandise. Anyone can send a package to anyone at any time without any agreement prior to the delivery. Mere delivery of a package to an address does not establish that a particular individual acted with anyone for a shared mutual

11

benefit to establish a conspiracy.   Count 1 of the Indictment is insufficient to state any offense that was committed by Mr. Chi.

III. Count 2 Insufficiency

As to Count 2, Mr. Chi is charged with committing the offense of Smuggling Goods into the United States in violation of 18 U.S.C. §§ 545 and 2. An indictment alleging a violation of the provisions regarding merchandise imported or brought in "contrary to law" must also articulate "*which* law the defendant's conduct violated." *United States v. Teh*, 535 F.3d 511, 516 (6th Cir. 2008)(Emphasis in original).   "Importing merchandise is not per se contrary to law and could only become so when done in violation of specific statutory requirements." *Keck v. United States*, 172 U.S. 434, 437-38, 19 S.Ct. 254, 43 L.Ed. 505 (1899).   Generally, courts have concluded that an indictment for a §545 offense must reference the specific statutory provision alleged to have been violated, *see Olais-Castro*, 416 F.2d at 1158 n. 8 ("[A]n indictment charging a violation of this part of section 545 must allege which law the defendant's action

12

was contrary to.")

Congress created several smuggling offenses within 18 U.S.C. § 545, as follows:

> "Whoever knowingly and willfully, with intent to defraud the United States, smuggles, or clandestinely introduces or attempts to smuggle or clandestinely introduce into the United States any merchandise which should have been invoiced, or makes out or passes, or attempt to pass through the customhouse any false, forged, or fraudulent invoice or other document or paper; **or**

> Whoever fraudulently or knowingly imports or brings into the United States, any merchandise contrary to law, **or** receives, conceals, buys, sells, **or** in any manner facilitates the transportation, concealment, or sale of such merchandise after importation, knowing the same to have been imported or brought into the United States contrary to law------Shall be fines under this title or imprisoned not more than 20 years, or both." (18 U.S.C. §545)(Emphasis added)

The two separate means of violating the statute have been recognized by 10th Circuit in the drafting of the jury instructions. The Pattern 10th Circuit Jury Instruction regarding the (Second Paragraph) opens with:

> "This law makes it a crime for anyone [knowingly][fraudulently] to import merchandise (that is, to bring merchandise or to cause it to be brought) into the United States contrary to law."

13

The elements of unlawful importation are 1), the defendant imported, 2) the defendant's importation was contrary to law [describe law(s) in detail]; and 3) the defendant knew the importation was contrary to law.   (10th Cir. Pattern Instruction 2.30)   Contained with the Use Note of Instruction 2.30, the Instructions provide a separate list of element if the offense is receiving, concealing, buying or selling unlawfully imported property pursuant to the second paragraph of 18 U.S.C. section 545:  1) merchandise had been imported or brought into the United States contrary to law [describe law(s) in detail] and 2) the defendant [received][concealed][sold] the merchandise knowing that it had been imported or brought into the United States contrary to law.

Congress and the 10th Circuit both have recognized that if one is the *importer* of the goods, one cannot also be the *receiver* of the goods.  Within Count One, the Indictment clearly indicates that *unknown conspirators* ***obtained*** unregistered pesticides, ***shipped*** the pesticides, as well as ***misidentified*** the pesticides on shipping documents.   The blanket allegation of Mr. Chi's

14

commission of the Smuggling Goods by both importing and receiving into the United States is contrary to Mr. Chi's alleged limited role contained within Count 1. The vagueness of the allegation within Count 2 that fails to properly inform Mr. Chi how the government alleges he committed the §545 offense charged and which violation of law was committed (importation *or* receipt) should deem the Indictment insufficient and defective on its face.

## IV. Count 2 Aiding and Abetting

18 U.S.C §2 allows a jury to find a person guilty of a substantive crime even though that person did not commit all acts constituting the elements of the crime. In Count 2, the Indictment is totally silent on whether the government is alleging that Mr. Chi aided and abetted as an importer or as a receiver. To sufficiently inform Mr. Chi of the charge against him to avoid being surprised and allow him to make a proper defense, the Indictment as written is insufficient. The Indictment alleges that Mr. Chi committed the offense of violating 18 U.S.C. §545, and thus, if the Indictment remains as written, Mr. Chi is alleged to have aiding

15

and abetting himself in committing the offense.    To convict a defendant of aiding and abetting a given crime, the government must prove "that the underlying crime was committed by a person other than the defendant, that the defendant knew of the crime, and that the defendant acted with the intent to contribute to the success of the underlying crime." *United States v. Reifler*, 446 F.3d 65, 96 (2nd Cir. 2006)

## V. Count 3 Unlawful Distribution and Sale of Pesticides

As to Count 3, Mr. Chi is alleged to have violated 7 U.S.C. § 136j(a)(1)A) by the alleged act of "receive and (having so received)" an unregistered pesticide. There is no language within the statute referenced by the government that prohibits the receipt or receiving of an unregistered pesticide.    If Mr. Chi's alleged action of "receipt" is the only basis for this violation, then no crime has been committed pursuant to 7 U.S.C. §136j.    Thus, the Indictment does not properly state an offense having been committed as to Count 3.

As previously cited in *Kilpatrick*, the court should dismiss an indictment if

16

it does not "contain [  ] the elements of the offense intended to be charged."

*Russell*, 369 U.S. at 763, 82 S.Ct. at 1047. *Kilpatrick* at 1462. In specifically

addressing the issue wherein the charged offense is conspiracy, the *Kilpatrick* court

emphasized that "it is true that indictments under the broad language of the

general conspiracy statute must be scrutinized carefully as to each of the charged

defendants because of the possibility, inherent in a criminal conspiracy charge,

that its wide net may ensnare the innocent as well as the culpable." *Id.* citing

*Dennis v. United States*, 384 U.S. 855, 860, 86 S.Ct. 1840, 1843, 16 L.Ed.2d 973

(1966). Moreover, a court cannot by implication add an essential element to the

indictment. "[A defendant] cannot be convicted on the basis of facts not found by,

and perhaps not even presented to, the grand jury. *Id.* at 1463 citing *United States*

*v. Keith*, 605 F.2d 462, 464 (9th Cir.1979).

While the Court in *Kilpatrick* found the indictment sufficiently charged the

requisite mental element on the defendant (Bank), the Court made such a finding

based on the fact that both the initial charging paragraph and the several "Means

17

and Methods" paragraphs averred the requisite knowledge or intent on the part of the defendant Bank. The indictment at issue in *Kilpatrick* did more than provide broad conspiracy language to the particular defendant but stated with specificity how the specific defendant participated in the scheme by agreeing to conceal facts, that the specific defendant had knowledge of falsified records, that the specific defendant had actual knowledge that others had participated, and that the specific defendant conspired to have records moved, altered, and/or destroyed. *Id.* at 1463. As such, the *Kilpatrick* Court held that the indictment contained "with the required specificity allege[d] the culpable role of each of the defendants." *Id.* citing *Dennis*, 384 U.S. at 860, 86 S.Ct. at 1843. The same cannot be said regarding the defendant in the case at bar. Indeed, Count 1 of the Indictment insufficiently alleges any culpable role of Mr. Chi as a co-conspirator of the charged conspiracy, but merely identifies him as someone who received a package, with no facts alleged that he anticipated the illegality of contents of the package.

In the case at bar, the only allegation pertaining to Mr. Chi is his

18

association with an address.   The Indictment completely fails to allege that

there was any interdependence among the members of the conspiracy and Mr.

Chi; or that the Grand Jury heard any evidence that he and members of the

conspiracy  intended to act together for their shared mutual benefit within the

scope of the conspiracy charged or what the shared mutual benefit might be.  The

government simply does not provide notice in the Indictment how Mr. Chi's

alleged receipt of unregistered and misbranded pesticides on February 25, 2025,

rises to a culpable role within a conspiracy dating from February 25,  2025 through

March 19, 2025, as alleged.

WHEREFORE, the Indictment as to Mr. Chi is insufficient on its face to

properly state all of the offenses charged.  This Honorable Court should find the

Indictment insufficient as to Mr. Chui and therefore dismiss the Indictment

against him.

Respectfully Submitted,

*s/Marna Franklin*
Marna Franklin,

19

Attorney at Law
620 N. Robinson, Suite 203
Oklahoma City, OK 73102
(405) 239-2454 Telephone
(405) 313-0610 Cell
*mfranklin@demandproof.com*
ATTORNEY FOR DEFENDANT Jin Zhao Chi


## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2026, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants appearing in this case.

s/Marna Franklin
Marna Franklin,
Attorney for Jin Zhao Chi

20